Filed 3/27/24  P. v. Palomino CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ENRIQUE FABIAN PALOMINO,<br><br>    Defendant and Appellant. | D082849<br><br><br>(Super. Ct. No. SCD298334) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

In March 2023, a bystander found Enrique Fabian Palomino asleep behind the wheel with his car parked in a travel lane.  Palomino was unresponsive to the bystander's attempts to rouse him, and the bystander called 911.  Palomino did not answer the police officers' questions.  Police believed he was under the influence of a controlled substance and detained

him, explaining that they did not want to use force against him. Palomino replied that they "might have to." During the subsequent frisk search, Palomino warned officers so they would not get "poked." Police discovered a loaded and uncapped syringe in his pocket as well as two crystalline rocks of methamphetamine. When police put the rocks on the hood of the car, Palomino twice leaned forward and tried to blow them off the car.

When he was not successful in blowing the drugs off the car, Palomino began to struggle against the handcuffs and police officers. He used his head to strike one officer and struck another in the chest using his arm. The officers elected to bring Palomino to the ground to get him under control, at which point he began kicking and attempted to bite an officer. Palomino grabbed at an ammunition magazine on one of the officer's tactical belts before becoming compliant.

Following a three-day trial, a jury convicted Palomino of resisting a peace officer (Pen. Code, § 148(a)), possession of a controlled substance (Health & Saf. Code, § 11377(a)), and possession of drug paraphernalia (Health & Saf. Code, § 11364). The trial court sentenced him to time served and stayed his fines pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157, 1172.

Palomino now appeals his conviction. We appointed appellate counsel, who filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) stating that she had not been able to identify any arguable issues for reversal on appeal. Counsel asked the court to review the record for error as mandated by *Wende*. We offered Palomino the opportunity to file his own brief on appeal, but he did not respond.

As we have noted, appellate counsel filed a *Wende* brief and asks us to review the record for error. To assist the court in its review, and in

compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:  (1) Whether the trial court erred in allowing the police officers to testify to the department's use of force policy; (2) Whether the trial court erred in giving CALCRIM No. 333; and (3) Whether the trial court erred in giving CALCRIM No. 2673.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Palomino on this appeal.

DISPOSITION

The judgment is affirmed.

DO, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.